# Weil, Gotshal & Manges LLP

VIA ECF

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**David L. Yohai**
+1 (212) 310-8275
david.yohai@weil.com

September 23, 2022

Hon. Paul G. Gardephe
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Carter et al. v. Scripps Networks, LLC*, No. 1:22-cv-02031 (S.D.N.Y.)

Dear Judge Gardephe,

     We write on behalf of Defendant Scripps Networks, LLC ("Scripps"). Plaintiffs have now submitted two Notices of Supplemental Authority after briefing on Scripps' Motion to Dismiss attaching decisions from a different jurisdiction that follows a different standard when assessing VPPA claims. ECF Nos. 37, 38. Accordingly, neither opinion matters here. Plaintiff's first Notice attaches the decision in *Louth v. NFL Enterprises LLC*, the allegations of which differ significantly from Plaintiffs' case. ECF No. 37-1. In *Louth*, the plaintiff alleged he used the NFL's mobile application to watch video content and that the NFL disclosed his and other NFL mobile application users' geolocations, advertising IDs, and video watching histories to third parties without consent through an application programming interface owned by Google. ECF No. 37-1 at 1-3. The *Louth* decision does not assess allegations that disclosures in violation of the VPPA occurred via the Facebook Tracking Pixel, and it does not assess whether signing up for a newsletter suffices to make an individual a "subscriber" of goods and services from a video tape service provider under the VPPA.

     Plaintiff's second Notice attaches the decision in *Ambrose v. Boston Globe*, which is similarly inapposite. The brief opinion, from another jurisdiction applying a different standard, contains no substantive reasoning and simply concludes that the case is "not appropriate for disposition at this early stage" despite also recognizing that it was "conceivable" that the *Boston Globe* may not share PII "in the manner Ambrose has alleged." ECF No. 38-1 at 2-3, 6. In sum, the *Louth* and *Ambrose* decisions do not bear on the issues raised in Scripps' Motion, and neither should be given any weight here.

Respectfully submitted,

*/s/ David L. Yohai*

David L. Yohai

cc: All Counsel of Record (via ECF)